**FILED**
**Sep 04, 2024**
**09:46 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | |
|---|---|
| **Keith Seaton,** ) | **Docket No. 2018-01-0243** |
| **Employee,** ) | |
| **v.** ) | |
| **Mountainside Pools & Spas, Inc.,** ) | **State File No. 43970-2017** |
| **Employer,** ) | |
| **And** ) | |
| **Travelers Indemnity Company,** ) | **Judge Thomas Wyatt** |
| **Carrier,** ) | |
| **And** ) | |
| **Troy Haley, Administrator of the** ) | |
| **Bureau of Workers' Compensation** ) | |
| **Subsequent Injury and Vocational** ) | |
| **Recovery Fund.** ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS
### *Decision On The Record*

Keith Seaton sought benefits by a decision on the record.[1] Mountainside Pools & Spas, Inc. and the Subsequent Injury and Vocational Recovery Fund argued that Mr. Seaton's non-work-related conditions and injuries, not a work injury, caused his need for treatment. For the reasons below, the Court denies the requested benefits.

## Claim History

Mr. Seaton owned and operated Mountainside Pools. He opted for an owner workers' compensation policy.

On June 9, 2017, Mr. Seaton, then 60 years old, overturned a Bobcat tractor while installing a pool for his company. He landed on his tailbone and allegedly sustained several

---

[1] Neither Mountainside nor the Subsequent Injury and Vocational Recovery Fund objected to a hearing on the record.

injuries, the most persistent and painful being to his low back. He worked in a limited capacity after this incident until March 2019, when he said his back pain totally disabled him.

Mountainside initiated benefits but soon denied the claim, arguing that causes other than the work injury accounted for more than 50% of Mr. Seaton's need for ongoing treatment and disability.

The medical evidence reveals possible causes for Mr. Seaton's spinal pain that are unrelated to his work injury. In 2015, he underwent surgical repair of a large L3-4 disc extrusion that was impinging the L3 nerve root. An MRI taken shortly before that surgery showed multilevel lumbar degenerative disc disease in his lumbar spine. Mr. Seaton testified that he fully recovered from that surgery and had no recurrent low-back problems until the work injury.

A few days after the work incident, Mr. Seaton was involved in a collision in which his vehicle was struck in the side. He testified that his tailbone was already hurting from the work incident when the collision occurred. In any event, he went to an emergency room a few days after the collision but left without receiving treatment.

Finally, in 2019, Mr. Seaton reported a flare-up of back pain occurring after he used a pressure washer on a personal project.

Regarding treatment, the records show that Mr. Seaton received emergency care the day after the work incident occurred. X-rays showed multilevel lumbar degenerative disc disease. After his claim was denied, Mr. Seaton sought treatment from Dr. Christopher Gallati, who had performed the 2015 surgery. Dr. Gallati referred him to Dr. Bruce Fry.

Dr. Fry testified that a 2020 MRI showed multilevel lumbar degenerative disc disease and degenerative changes in the lumbar facet joints that were caused by wear and tear and aging, as opposed to an acute injury. Dr. Fry completed a Final Medical Report assigning an impairment rating of 3%.

Mr. Seaton also received treatment from Dr. John Maguire, who recorded that Mr. Seaton apportioned 75% of his pain to the back and 25% to the leg. Dr. Maguire attributed this pain to degenerative changes, and said, "it is really impossible for me to say with certainty whether or not this is a work-related injury[.]" He added that nothing in the radiological studies supported the work-relatedness of Mr. Seaton's spinal conditions.

After seeing Dr. Maguire, Mr. Seaton returned to Dr. Gallati, who testified that he needs a discogram to determine if Mr. Seaton is a candidate for fusion surgery or a spinal stimulator. He did not place Mr. Seaton at maximum medical improvement or give a causation opinion.

Finally, Dr. Thomas Koenig saw Mr. Seaton for an independent medical examination. He reviewed treatment records and gave the opinion that the work incident caused recurrent lumbosacral strain without immediate radiculopathy and recurrent coccydynia (tailbone pain). He testified that tests revealed "chronic degenerative changes, nothing new." Further, Dr. Koenig stated that the facet-joint findings "pre-dated the bobcat injury in June 2017."

**Findings of Fact and Conclusions of Law**

To recover in this expedited hearing, Mr. Seaton must prove he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Mr. Seaton's claim turns on whether he met his evidentiary burden on the causation of his low-back symptoms and need for treatment. By law, an employee must prove that his claimed work injury and its need for treatment arose primarily out of and in the course and scope of employment. Tenn. Code Ann.§ 50-6-102(14) (2016). To do that, he must *present an opinion from a physician* "that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." *Id.* at -102(14)(B)-(D).

The record here contains no medical evidence that the degenerative changes in Mr. Seaton's back and facet joints, any temporary disability he has from those conditions, and any needed treatment, arose primarily out of and in the course and scope of employment. Dr. Fry stated that the degenerative conditions suggest wear, tear, and age rather than an acute injury. Dr. Maguire stated it was "impossible" to say whether Mr. Seaton's lumbar conditions constituted a work injury, and Dr. Koenig stated that the facet-joint condition pre-dated the work incident.

Based on the facts and medical evidence, the Court holds that Mr. Seaton failed to show that he will likely prevail at a hearing on the merits in proving that his lumbar condition and need for treatment are work-related. For that reason, the Court denies his interlocutory claim for benefits.[2]

This case is set for a Status Hearing on **January 6, 2025, at 10:00 a.m. Eastern Time.** You must call (615) 741-3061 or (855) 747-1721 to participate. Failure to call may result in a determination of the issues without your further participation.

---

[2] This decision makes it unnecessary to decide whether Mr. Seaton's vehicular collision severed any causative connection between the work incident and his spinal pain and need for treatment.

**IT IS ORDERED.**

**ENTERED September 4, 2024.**


_Thomas Wyatt_
_____
**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**


APPENDIX

Exhibits:

1. Final medical report of Dr. Bruce Fry
2. Interrogatory responses of Keith Seaton
3. Affidavit of Keith Seaton
4. Excerpt from Dr. Thomas Koenig's deposition
5. Vocational assessment of John McKinney, III
6. Excerpt from Dr. Bruce Fry's deposition
7. Excerpt from Dr. Keith Seaton's deposition
8. Excerpts from Dakota Henderson's deposition
9. UT Medical Center records
10. Knoxville Orthopedic Clinic records
11. Ortho Tennessee records
12. Diagnostic Outpatient Center of Knoxville records
13. Dr. Christopher Gallati records
14. Michael Galloway deposition excerpt

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on September 4, 2024.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| John Willis<br>Employee's Attorney | | X | john@foxlawtn.com<br>sarah@foxlawtn.com |
| Robert J. Uhorchuk<br>Luke Neder<br>Employer/Carrier<br>Attorneys | | X | rju@spicerfirm.com<br>lneder@spicerfirm.com<br>lboydston@spicerfirm.com |
| Allison Lowry<br>Subsequent Injury Fund<br>Attorney | | X | Allison.lowry@tn.gov |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*